UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| T-MOBILE USA, INC., et al.,             ) | |
|                                                         ) | |
|         Plaintiffs,                              ) | Civil Action No. 3: 08-36-DCR |
|                                                         ) | |
| V.                                                    ) | |
|                                                         ) | |
| DAVID ARMSTRONG, Chairman,   ) | |
| JAMES W. GARDNER, Vice Chairman, ) | |
| JOHN W. CLAY, Commissioner, in their ) | **JUDGMENT** |
| official capacities as Commissioners of the ) | |
| Kentucky Public Service Commission, et ) | |
| al.,                                                    ) | |
|                                                         ) | |
|         Defendants.                            ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In accordance with the Memorandum Opinion and Order entered this date, and pursuant to Rule 58 of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. Judgment is entered in accordance with the Memorandum Opinion and Order entered on this date. More specifically,

    A. The Court finds and **DECLARES** that the Kentucky Public Service Commission's resolution of Issues 1 and 9 is inconsistent with 47 U.S.C. § 251(b)(5) and the requirement of FCC Rules and Decisions that a landline carrier pay reciprocal compensation to a wireless carrier for landline-originated traffic that terminates to a wireless carrier in the same Major Trading Area, whether or not the call is also transported by an intermediary carrier. 47 C.F.R. § 51.701(b)(2) (2008).

B. The Court finds and **DECLARES** that the Kentucky Public Service Commission's resolution of Issue 2 is not inconsistent with 47 U.S.C. § 251(a)(1) or the requirement of FCC Rules and Decisions that a landline carrier provide the type of interconnection reasonably requested by a wireless carrier to the extent that it determined that the use of one trunk for the traffic of all twelve RLECs was not economically reasonable. However, this issue is **REMANDED** to the Commission to provide factual support for its determination and/or choice of DS1 (or some other level of traffic) as the threshold level requiring a dedicated trunk line.

C. The Court finds and **DECLARES** that the Kentucky Public Service Commission's resolution of Issues 5, 7 and 8 is inconsistent with 47 U.S.C. § 251(a)(1) and the requirement of FCC Rules and Decisions that the calling-party's network is required to pay the costs of transporting its traffic to the network of the terminating carrier. 47 C.F.R. § 51.703(b)(2008).

D. As identified in arbitration proceedings 2006-00215, 2006-00217, 2006-00218, 2006-00220, 2006-00252, 2006-00255, 2006-00288, 2006-00292, 2006-00294, 2006-00296, 2006-00298, and 2006-00300, the determinations of Issues 1, 5, 7, 8 and 9 by the Kentucky Public Service Commission are hereby **DECLARED** unlawful and preempted by federal law as described above and in the Memorandum Opinion and Order entered this date.

E. The Kentucky Public Service Commission is **ENJOINED** from attempting to enforce the preempted portions of the December 22, March 19, and June 18 Orders.

2. This is a **FINAL** and **APPEALABLE** Judgment and there is no just cause for delay.

This 20th day of May, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge